## Keller *v.* Commercial Trust Company, Appellant.

*Guardian and ward—Maintenance and support—Weak-minded person—Custody.*

In an action against a guardian, to recover for the maintenance of a weak-minded person, a judgment for the plaintiff will be affirmed, where it appears that the ward had selected his place of residence, had refused to leave when requested, and that the guardian after formal notice that it would not be responsible for his bills did nothing further to secure the custody of its ward, but left him with the plaintiff who had given notice to the guardian to remove the weak-minded person or provide for his maintenance.

Argued November 10, 1919. Appeal, No. 171, Oct. T., 1919, by Commercial Trust Company, guardian of Watson L. Hoch, from the judgment of C. P. Berks County, in the case of Charles Keller v. Commercial Trust Company, guardian of Watson L. Hoch, November Term, 1916, No. 102. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Issue framed for trial by jury to determine the liability for maintenance of a weak-minded person. Before WAGNER, J.

The opinion of the Superior Court states the case.

On the following issue framed:

"Is the Commercial Trust Company of Reading, Pa., guardian of Watson L. Hoch, a weak-minded person,

534    KELLER *v.* COMMERCIAL T. CO., Appellant.

Statement of Facts—Opinion of the Court. [73 Pa. Superior Ct.

indebted to said Charles Keller for the board, lodging and washing furnished by said Charles Keller to said Watson L. Hoch for 46 weeks, from January 16, 1917, and, if so, for what amount?" the jury rendered a verdict in the affirmative and fixed the amount due by the defendant to the plaintiff in the sum of $244.95, and judgment was entered thereon.    Defendant appealed.

*Error assigned* was the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Charles H. Tyson,* and with him *Thomas K. Leidy,* for appellant.

*Randolph Stauffer,* and with him *W. B. Bechtel,* for appellee.

Opinion by Trexler, J., February 28, 1920:
Watson L. Hoch was declared a weak-minded person and the Commercial Trust Company was appointed guardian.    At the time the decree was entered, Hoch was living at the home of the plaintiff and he continued to reside there.    A demand was made upon the trust company by Keller for compensation for board and lodging furnished to Hoch.    The learned president judge of the court below apparently was not satisfied that the claim was proper, but deemed it fair, instead of refusing the application, to suggest that the matter be submitted to a jury by way of an issue to be framed.    This was accordingly done and the trial resulted in a verdict for the plaintiff.    It was shown at the trial that the trust company informed Keller that a home had been provided for Hoch with his father and that anything that Keller would do for the ward would be without compensation. It however appears that when someone was sent to take Hoch away from Keller's home, he declined to go.    He told the party that he had "nothing at home like this in

all his life, that they never treated him well at home, and he would not go back." We quote from the opinion of the trial judge upon the motion for a new trial. "Nothing further was done by the guardian for the purpose of taking this weak-minded person away from the place where he was being properly supported and maintained by plaintiff. Neither did the father come for him or do anything to get his weak-minded son back to his home. It was testified by plaintiff that he did nothing to prevent Watson L. Hoch from leaving his place. There is no evidence in the case to show that plaintiff did anything to persuade him to remain. We have, therefore, the guardian, whose positive duty it was to maintain and support this weak-minded person, doing nothing further and leaving its ward with plaintiff after plaintiff informed the guardian that if it did not take the ward away the plaintiff wanted his board paid. It certainly was not incumbent upon the plaintiff to set this person, who had been declared by the court to be weak-minded and irresponsible out upon the street."

The trust company was appointed to take charge of the estate of the weak-minded person. The writer does not think that the acts of assembly relating to feeble-minded persons contemplate that such persons should be entirely deprived of all volition as to where they desire to live or that they should be compelled to reside in uncongenial surroundings at the mere direction of their guardians. This however is apart from the present inquiry. As long as Hoch lived with Keller certainly it was necessary for him to have his food and a place to sleep. The question, whether the accommodations afforded were necessaries, was left to the jury and they having found for the plaintiff we see no reason why the verdict should be disturbed. Hoch was a ward of the court. If his well-being required his removal to some other place than the one in which he resided, no doubt some lawful means could have been resorted to by the court to accomplish it, but it certainly was not incum-

bent upon Keller in whose house he lived to proceed in the matter.

The judgment is affirmed.